IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ELAYNE FIGUEROA, on behalf of herself
and on behalf of all others
similarly situated,

      Plaintiff,                               CASE NO.:

v.                                         DIVISION:

BAYCARE HEALTH SYSTEMS, INC.

      Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ELAYNE FIGUEROA, on behalf of herself and the Putative Classes set forth below, files the following Class Action Complaint against BAYCARE HEALTH SYSTEMS, INC. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENT

1. Defendant owns and operates a network of community-based hospitals.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information as a basis for adverse employment action. In this case, Defendant used a national consumer reporting agency, HireRight, Inc., to procure consumer reports on Plaintiff and the putative class members she seeks to represent.

3. The FCRA, 15 U.S.C. §1681b makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Baycare – complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. § 1681b(b)(2).

1

4. Defendant willfully violated these requirements in systematic violation of Plaintiff's rights, and as to the rights of the other putative class members.

5. Defendant violated the FCRA's requirement that, prior to procuring a consumer report for employment purposes, a prospective employer must disclose that it is going to procure a consumer report "in a document consisting solely of the disclosure." This conduct violates 15 U.S.C. §1681b(b)(2)(A)(i). The standard form utilized by Defendant fails to comply with this long-standing statutory requirement.

6. Defendant's practices in violation the FCRA were repeated and systematic and, thus, the claims at issue in this Complaint are ripe for class treatment.

## JURISDICTION AND VENUE

7. This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

8. This Court has personal jurisdiction over Defendant because Defendant is a Florida-based corporation, incorporated in Florida, and doing business in Florida and in this County.

9. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in in Hillsborough County, Defendant has sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

10. Venue is proper in Hillsborough County, because all of the events giving rise to these claims arose in this County.

## PARTIES

11. Plaintiff is a citizen of Florida and former employee of Defendant. She is a natural person and is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681 *et seq.*, at §1681a(c).

12. Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Defendant's Willful Violation of 15 U.S.C. § 1681b(b)(2)*

13. Defendant willfully violated 15 U.S.C. § 1681b(b)(2). Specifically, Defendant is liable for willfully or negligently violating Section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. More importantly still, Defendant's form did not contain the information required by Section 1681b(b)(2) advising Plaintiff and the putative class members of what their rights actually were under the FCRA.

14. Plaintiff initially applied to work for Defendant as a Patient Care Technician on May 14, 2015.

15. When she first applied Plaintiff received Defendant's "Authorization of Background Investigation", which is attached as Exhibit A.

16. The document is not a stand-alone FCRA disclosure document.

17. As a threshold matter, Exhibit A contains an entire paragraph consisting of a blanket authorization that violates the FCRA.

18. In fact, it seeks the following unlimited "blanket" authorization and release of information from every applicant, including information from the following sources:

- law enforcement and all other federal, state and local agencies;
- learning institutions (including public and private schools, colleges and universities);

3

- testing agencies and information service bureaus;
- credit bureaus and record/data repositories;
- courts (federal, state and local);
- motor vehicle records agencies;
- past or present employers;
- the military; and, remarkably,
- "all other individuals and sources with any information about or concerning me."

(*See* Exhibit A).

19. Taking things even further, applicants, like Plaintiff, must also promise "that if the Company hires me or contracts for my services, my consent will apply, and the Company may, as allowed by law, obtain additional background reports pertaining to me, without asking for my authorization again, throughout my employment or contract period from HireRight *and/or other consumer reporting agencies*." (Exhibit A). (Emphasis added).

20. In other words, according to what's supposed to be a stand-alone disclosure that exclusively informs Plaintiff and the putative class members of what their rights are under the FCRA, not only does the Defendant's "stand-alone" form require applicants to release all information about them from nearly any conceivable source possible, it also requires applicants to agree that HireRight, *or any other unnamed consumer reporting agency*, has the right to obtain all of the above information *whenever* Defendant decided it wants it for the employee's entire time with the company. This, obviously, is violative of everything the FCRA stands for and a clear invasion of the privacy of Plaintiff and the entire putative class. It is difficult to imagine a more over-reaching blanket authorization.

21. In fact, Plaintiff never would have consented to the requirements contained in

4

Defendant's form had she realized the extent to which it purported to allow Defendant to invade her privacy.

22. Exhibit A also contains at least the following other extraneous items of information:

- an acknowledgment that the form is not an offer of employment, nor a "contract for services";
- A certification that all statements made in the application are true and accurate;
- Spaces for identification information about the application;
- and, most confusing and misleading of all, an acknowledgement that in addition to the "Authorization of Background Investigation" form, applicants received an "attached summary of rights under the Fair Credit Reporting Act," which was never actually provided.

23. Defendant's "Authorization of Background Investigation" is not and cannot be considered a document consisting solely of a disclosure that a background check will be procured for employment purposes. Indeed, as stated above, the form itself states that applicants will be given a separate "summary of rights under the Fair Credit Reporting Act," but they never were.

24. There would be no need for applicants to receive a separate "summary of rights under the Fair Credit Reporting Act" if the "Authorization of Background Investigation" document satisfied 15 U.S.C. § 1681b(b)(2). Thus, even Defendant's own documents demonstrate it knew that a separate stand-alone disclosure form was needed *apart* the Authorization of Background Investigation form because it -- meaning the Authorization of Background Investigation form --

cannot possibly be considered compliant with 15 U.S.C. § 1681b(b)(2)'s "stand-alone" requirement, making Defendant's FCRA violation particularly willful in this case.

25. Plaintiff did not understand the disclosure forms she signed because Exhibit A was not limited to the information required by the stand-alone disclosure requirement of the FCRA. Further, as a result of Defendant's form, Plaintiff was confused and misled as to the nature or purpose of the form *because* of the additional information contained therein; instead of providing and then relying on Exhibit A to satisfy its obligation to Plaintiff under 1681b(b)(2)(A)(i) the Defendant should have provided the summary of rights under the Fair Credit Reporting Act it promised to give Plaintiff and the putative class members. It failed to do so.

26. As a result, Defendant knowingly and recklessly disregarded the plain meaning of 15 U.S.C. § 1681b(b)(2)(A), as well as guidance from the Federal Trade Commission and numerous court decisions, including from this Court, stating that the inclusion of extraneous information in the disclosure required under § 1681b(b)(2)(A) is a violation of the FCRA.

27. Defendant knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers. Defendant was more interested in obtaining the right to obtain unlimited information on its applicants and employees than it was in complying with the FCRA, or in protecting the privacy of those who chose to apply and work for it.

28. Defendant did not procure Plaintiff's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

29.  Defendant repeatedly used the same form to procure background reports on numerous other applicants and employees.

30.  By systematically inserting extraneous information into Plaintiff's and other current or prospective employees' disclosures, Defendant knowingly and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

31.  Plaintiff and the putative class experienced a concrete injury from Defendant's failure to provide the statutorily-required stand-alone disclosure in at least two ways. First, Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's report contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so. The report included, *inter alia*, Plaintiff's date of birth, address history, social security number, and information about her criminal background. By procuring a report containing this private information without complying with these requirements, Defendant illegally invaded Plaintiff's privacy.

32.  Second, Plaintiff has suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which she was entitled by statute. Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document

consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. Indeed, the disclosure that was provided lacked the basic information required by the FCRA be disclosed by employers to consumers. By depriving Plaintiff of this information, Defendant injured Plaintiff and the putative class members. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

33. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of herself and a single putative class of Defendant's employees, and prospective employees.

34. On behalf of herself and the Putative Class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## RULE 23 REQUIREMENTS

35. Plaintiff asserts her claims in Counts 1 and 2 on behalf of a Putative Background Check Class defined as follows:

> Improper Disclosure and Authorization Class: All Baycare employees and job applicants who applied for or worked in a position at Baycare in the United States and who were the subject of a consumer report that was procured by Baycare within five years of the filing of this complaint through the date of final judgment as to whom Baycare used the form attached as Exhibit A to satisfy its stand-alone disclosure requirements under the FCRA.

36. Numerosity: The Putative Class are so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that during the relevant time period, hundreds (if not thousands) of

Defendant's employees and prospective employees satisfy the definition of the Putative Class.

37. <u>Typicality</u>:  Plaintiff's claims are typical of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

38. <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

39. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a) Whether the specific Defendant's background check practices and/or procedures alleged in this case comply with the FCRA;

   b) Whether Defendants standard FCRA disclosures complied with 15 U.S.C. §1681b(b)(2);

   c) Whether Defendant's violations of the FCRA were willful;

   d) The proper form of relief which Plaintiff and the putative class members are entitled to.

40. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to

protect their interests.

41. This case is maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

42. Class certification is also appropriate because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

43. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

### FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

44. As stated above, Defendant used the consumer reports of the Plaintiff and each member of the Background Check Class without first providing the disclosures necessary to

satisfy 15 U.S.C. § 1681b(b)(2)(A)(i).

45. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, in a stand-alone document.

46. The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the putative class members. By failing to do so Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

47. Defendant's willful conduct is also reflected by, among other things, the following facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel; there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA, case law, and the plain language of the statute; and, finally, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

48. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

49. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM FOR RELIEF
### Failure to Obtain Proper Authorization in Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)

50. Defendant violated the FCRA by procuring and using consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

51. The second count in the operative Complaint is brought by all Plaintiffs against under 15 U.S.C. § 1681b(b)(2)(A)(ii). Section 1681b(b)(2)(A)(ii) prohibits any person from procuring a consumer report, or causing a consumer report to be procured, for employment purposes unless the consumer whose report is being procured has authorized such procurement in writing. The authorization requirement follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." United States v. DeFries, 129 F.3d 1293, 1307 (D.C. Cir. 1997)

52. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

53. Defendant's willful conduct is also reflected by, among other things, the following

facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA, case law, and the plain language of the statute; and, finally, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

54. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

55. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff, on behalf of herself and the Putative Class, pray for relief as follows:

    a) Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

    b) Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c) Issuing proper notice to the Putative Class at Defendant's expense;

    d) Declaring that Defendant committed multiple, separate violations of the FCRA;

    e) Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f) Awarding statutory damages as provided by the FCRA, including punitive damages;

g) Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

57. Plaintiff and the Putative Class demand a trial by jury.

DATED this 12th day of May, 2017.

Respectfully submitted,

/s/ Brandon J. Hill
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: twell@wfclaw.com
Email: mk@wfclaw.com