# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ELAYNE FIGUEROA, on her own behalf and
all similarly situated individuals,

      Plaintiff,

v.                                         CASE NO:  8:17-cv-1780-T-30JSS

BAYCARE HEALTH SYSTEM, INC.,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss First Amended Class Action Complaint with Prejudice (Dkt. 14) and Plaintiff's Response in Opposition (Dkt. 23). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a putative class action brought under the Fair Credit Reporting Act ("FCRA"). According to the first amended complaint, on May 14, 2015, Plaintiff Elayne Figueroa applied for employment with Defendant Baycare Health System, Inc. as a Patient Care Technician. At the time that she applied, Plaintiff received Defendant's "Authorization of Background Investigation." (Dkt. 10 at Ex. A). Plaintiff alleges that the document is not a "stand-alone" FCRA disclosure document. Plaintiff contends that the document contains "an entire paragraph consisting of a blanket authorization that violates the FCRA." For example,

Plaintiff alleges that the document seeks the following unlimited "blanket" authorization and release of information "from every applicant," including the following:

- law enforcement and all other federal, state and local agencies;
- learning institutions (including public and private schools, colleges and universities);
- testing agencies and information service bureaus;
- credit bureaus and record/data repositories;
- courts (federal, state and local);
- motor vehicle records agencies;
- past or present employers;
- the military; and
- "all other individuals and sources with any information about or concerning me."

(Dkt. 10) (quoting Ex. A thereto).

Plaintiff alleges that the disclosure document also required her to promise "that if the Company hires me or contracts for my services, my consent will apply, and the Company may, as allowed by law, obtain additional background reports pertaining to me, without asking for my authorization again, throughout my employment or contract period from HireRight *and/or other consumer reporting agencies*." *Id.* (emphasis in original).

Plaintiff avers that she "never would have consented to the requirements contained in Defendant's form had she realized the extent to which it purported to allow Defendant to invade her privacy." *Id.* at ¶19.

Plaintiff further alleges that the disclosure document contained inappropriate "extraneous items of information." For example, the document included a statement that applicants received an "attached summary of rights under the Fair Credit Reporting Act," which was never attached or provided. *Id.* at ¶20.

According to Plaintiff, Defendant "knowingly and recklessly disregarded the plain meaning of [the FCRA]" because it knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report. Defendant "repeatedly used the same form to procure background reports on numerous other applicants and employees." *Id.* at ¶¶26, 29.

Based on these alleged violations, Plaintiff asserts two FCRA claims against Defendant on behalf of herself and a single putative class of Defendant's employees and prospective employees. Count I alleges that the disclosure Plaintiff and each member of the putative class executed to authorize Defendant to obtain a background report as part of the employment process failed to comply with 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirement of a stand-alone disclosure.[1] Count II alleges that because Defendant obtained consumer reports related to Plaintiff and other members of the putative class without proper authorization under the FCRA, Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(ii).

Defendant's motion to dismiss argues that Counts I and II of the first amended complaint are subject to dismissal with prejudice because: (1) Plaintiff cannot state a claim as a matter of law; and (2) even if Plaintiff could state an actionable claim, Defendant's actions were not objectively unreasonable, i.e., willful.

---

[1] Under the FCRA, an employer must disclose to a job seeker that "a consumer report may be obtained for employment purposes" and must obtain authorization from a consumer before procuring her consumer report. *See* 15 U.S.C. § 1681b(b)(2). To ensure that prospective employees are adequately informed about their rights concerning these consumer reports, the FCRA requires that this information be provided "in a document that consists solely of the disclosure." *Id.* at § 1681b(b)(2)(A). This is commonly known as the "stand-alone disclosure requirement."

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## **DISCUSSION**

Defendant first argues that Plaintiff's claims fail as a matter of law because the disclosure document (attached as Ex. A to the first amended complaint) did not violate the FCRA as a matter of law. At this juncture, the Court disagrees. As this Court previously held in *Graham v. Pyramid Healthcare Solutions, Inc.*, the FCRA's disclosure requirement gives "statutorily-created rights under the FCRA to receive a *clear and conspicuous stand-alone disclosure*." No. 8:16-CV-1324-T-30AAS, 2016 WL 6248309, at *2 (M.D. Fla. Oct. 26, 2017) (emphasis added); *see also Moody v. Ascenda USA, Inc.*, No. 16-cv-60364-WPD, 2016 WL 5900216, at *3 (S.D. Fla. Oct. 5, 2016) ("Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which they were entitled to by statute, namely a stand-alone FCRA disclosure form.").

Plaintiff alleges that the subject disclosure form contained extraneous information that on its face violated the plain language of the FCRA, which mandates a stand-alone disclosure form. Plaintiff delineates the extraneous information in the first amended complaint. And Plaintiff avers that the disclosure form was not clear because it contained superfluous information that was confusing. At this stage, this is sufficient.

Defendant next argues that, even if the subject disclosure did not comply with the FCRA, Defendant's actions were not willful. *See* 15 U.S.C. § 1681n(a) ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ." An FCRA violation is "willful" if it is either intentional or committed in reckless disregard of the defendant's duties under the Act. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-58 (2007). Recklessness is measured by an objective standard; a defendant's conduct is reckless if it "entail[s] an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68. A defendant does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

With respect to the issue of willfulness, Defendant's motion reads like a motion for summary judgment and is premature at this juncture because the Court cannot determine whether Defendant's actions were willful until the Court is presented with record *evidence* about what actions Defendant took to comply with the FCRA. For example, the Court would need to know whether Defendant researched the FCRA and/or attempted to interpret the

FCRA prior to utilizing the subject disclosure form. Defendant may ultimately prevail on this ground, but not at the motion to dismiss stage. Indeed, in *Graham*, this Court noted that "[w]illfullness is typically a question of fact for the jury." *Graham v. Pyramid Healthcare Solutions, Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *3 (M.D. Fla. June 28, 2017) (citing *Hargrett v. Amazon.com DEDC LLC*, No. 8:15-CV-2456-T-26EAJ, 2017 WL 416427, at *6 (M.D. Fla. Jan. 30, 2017)).

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Dismiss First Amended Class Action Complaint with Prejudice (Dkt. 14) is DENIED.

2.  Defendant shall file an answer to the first amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

-6-